# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J & J Sports Productions, Inc., | Case No.: 2:17-cv-00681-JAD-NJK |
| Plaintiff | **Order directing Supplemental Briefing on Motion for Default Judgment** |
| v. | |
| Reyna Hernandez Quintero, | |
| Defendant | |

J & J Sports Productions, Inc. alleges that it was granted the exclusive right to broadcast *Toe to Toe: Saul Alvarez v. Alfredo Angulo Light Middleweight Championship Fight Program* (the Program) in all 50 states excluding Puerto Rico. J & J contends that Reyna Hernandez Quintero, the owner of a restaurant called La Tradicion, willfully intercepted and distributed the Program without J & J's authorization, so it sues Quintero for violating 47 U.S.C. §§ 553, 605. The Clerk of Court entered default against Quintero and J & J now seeks a default judgment on its claim under 47 U.S.C. § 605 plus statutory damages of $10,000 and an enhanced damage award of $30,000.[1] After reviewing J & J's motion and complaint, I am not satisfied that its claim is timely.

There is no established time limitation under this statute, so courts will either turn to analogous law of the forum state or analogous federal law.[2] Following this framework, courts in

---

[1] ECF Nos. 6, 7. J & J also argues that it is entitled to default judgment on its claim for conversion, but it doesn't allege a claim for conversion. *See generally,* ECF No. 1.

[2] *See DirecTV, Inc. v. Webb*, 545 F.3d 837, 847 (9th Cir. 2008).

the Ninth Circuit have imposed one-year[3] and two-year[4] limitation periods in similar cases alleging violations of 47 U.S.C. § 605, while courts in other circuits have applied up to three-year limitation periods.[5] J & J alleges that Quintero violated 47 U.S.C. § 605 on March 8, 2014, and it filed this lawsuit on March 7, 2017, one day shy of three years later. But it is unclear from the record what limitations period applies to its claim.

Accordingly, IT IS HEREBY ORDERED that J & J must file a supplemental brief by November 5, 2018, explaining why its claim is not time-barred.

Dated: October 16, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[3] *Id*. at 847–48 (affirming district court's application of limitations period for analogous California law).

[4] *In re Cases Filed by DirecTV, Inc.*, 344 F. Supp. 2d 647, 658, 661–62 (D. Ariz. 2004).

[5] *Prostar v. Massachi*, 239 F.3d 669, 677 (5th Cir. 2001).